## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No.: 10 B 44462 |
| Calvin L. Harmon<br>Diane Y. Harmon | Judge: Jack B. Schmetterer |
| Debtors. | Chapter 13 |

| | |
|---|---|
| Calvin L. Harmon<br>Diane Y. Harmon<br>    Plaintiffs<br>v.<br><br>EMC Mortgage Corporation, LLC<br>    Defendant. | Adversary  No.  10 AP 02358 |

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

Findings of fact are based on the filed Adversary Complaint as confessed.

*Findings of Fact*

### I.    Parties

1. The plaintiffs are Calvin L. Harmon and Diane Y. Harmon ("Plaintiffs")

2. Defendant, EMC Mortgage Corporation, ("Defendant") is a banking institution having a mailing address of P.O. Box 660753, Dallas, Texas 75266-0753. Defendant regularly does business through agents in this state.

### II.    Factual Background

3. The Plaintiffs filed a voluntary petition under Chapter 13 of the Bankruptcy Code on October 4, 2010.

4. Plaintiffs, are the owners of certain real property located at 1511 E. 84ᵗʰ Place, Chicago, IL 60619 (hereinafter, "the Subject Property") and this is Plaintiffs' principal place of residence.

5. Plaintiffs' plan has not yet been confirmed.

6. At the time Plaintiffs filed their bankruptcy petition the Subject Property had a fair market value of $130,000.00.

7. The Plaintiff's interest in the Subject Property is subject to a first lien, and purchase money mortgage executed on November 4, 2004 and recorded on November 19, 2004 in the County of Cook and is for the amount of $144,000.00.

8. The claim of Defendant arises out of a mortgage ("Jr. Lien") executed on November 4, 2004 in the original amount of $36,000.00, recorded on November 19, 2004 in the County of Cook , document number 0432446047. This Jr. Lien is purported to be secured by the Subject Property.

9. The current Chapter 13 Plan ("Plan") provides that Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $910.00 per month.

10. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claims.

11. On November 22, 2010 Plaintiffs issued a summons and complaint pursuant to 11 U.S.C. §506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on the Subject Property.

12. On November 22, 2010 a copy of the summons and complaint were served in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure by USPS, to an officer or agent of the Defendant at 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

13. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

14. No evidence has been presented to challenge the validity of the secured claim that holds priority over the Jr. Lien.

15. No evidence has been presented to challenge the fair market value of $130,000.00.

16. The secured claim of Chase in the amount of $151,488.53 exhausts the value and equity in Plaintiffs' residence.

17. There is no value and equity to support the Jr. Lien claim of the Defendant.

## CONCLUSIONS OF LAW

### A. Jurisdiction

18. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and §157(b)(2)(B), (K), (L), and (O).  This is a core proceeding.

19. Venue is proper pursuant to 28 U.S.C. §1409.

### B. Argument

20. This action was initiated under 11 U.S.C. §506(a) and F.R.Bank.P. 3012.

21. The Plaintiffs have currently scheduled the first mortgage claim in the amount of $140,914.00, and the Defendant's Jr. Lien claim in the amount of $35,086.00.

22. The value of Plaintiff's residence is $130,000.00

23. As there is no value or equity to support the second priority lien of Defendant, that claim is not secured at all by a security interest in the Debtors' residence, as the term is used in §1322(b) of the Bankruptcy Code.  The Chapter 13 plan may value the collateral under F.R.Bankr.P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *In re Meyer, 2009 B 20268, Docket Entry 69 (Bankr. N.F.Ill. January 29, 2010).*

24. Following completion of the Plan and entry of Debtors' discharge, Defendant will release its second lien within 28 days.

United States Bankruptcy Judge

JAN 2 5 2011

James L. Hardemon
LEGAL REMEDIES CHARTERED
8527 S. Stony Island Ave.
Chicago, IL 60617
773-374-5288
Atty No.: 21961